IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO BEALER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-059-GPM |
| | ) |
| DR. POWELL, TERRY CALIPER, C/O | ) |
| FOLSOM, C/O KEMP, C/O SIMPSON, | ) |
| C/O PENDLETON, C/O BEANE, | ) |
| C/O NEWELL, C/O HENDERSON, | ) |
| C/O HAMMERSLY, C/O STUDOR, | ) |
| C/O PORTER, C/O ADAMS, C/O KELLY, | ) |
| NURSE SHELBY, SHERRY | ) |
| MONTGOMERY, C/O JORDAN, | ) |
| MATTHEW PLUMMER, and | ) |
| REBECCA PLUMMER, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he was not required to pay an initial partial filing fee.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such
> relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and, thus, subject to summary dismissal.

Two distinct claims are presented in the amended complaint (Doc. 6).  Plaintiff's first claim is that, in retaliation for his assault on an officer, Defendants Folsom, Kemp, Simpson, Pendleton, Beane, Newell, Jordan, Henderson, Hammersly, Matthew Plummer, Studor, Porter, Adams, and Kelly contaminated his food with blood, urine, toilet water, and dirt.

In *Neitzke v. Williams*, 490 U.S. 319 (1989*)*, the Court noted that a district court has

> the unusual power to pierce the veil of the complaint's factual
> allegations and dismiss those claims whose factual contentions are
> clearly baseless. … [such as] claims describing fantastic or delusional
> scenarios, claims with which federal district judges are all too
> familiar.

*Id.* at 327-28.  *See also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).  Plaintiff's allegations that Defendants are contaminating his food on a regular basis draw just such a "fantastic or delusional scenario," and the Court will not indulge him.  Therefore, Plaintiff's claims against Defendants Folsom, Kemp, Simpson, Pendleton, Beane, Newell, Jordan, Henderson, Hammersly, Matthew Plummer, Studor, Porter, Adams, and Kelly for contaminating his food are dismissed from this action with prejudice.

Plaintiff's second claim involves medical treatment – he alleges that Defendants Powell, Caliper, Shelby, and Rebecca Plummer are not providing him with treatment for HIV and Hepatitis

C. He also states, however, that blood tests taken in July 2003 indicated that he was not infected with either virus. Further, the exhibits attached to the complaint and amended complaint confirm that Plaintiff was tested for both diseases in July 2003 and that he was not infected with either virus. Although "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment, *see generally Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and *Farmer v. Brennan*, 511 U.S. 825 (1994), the Constitution does not require that Plaintiff be provided with medical treatment for diseases he does not suffer from. Accordingly, Plaintiff's claims regarding medical treatment are also dismissed from this action with prejudice.

Finally, Plaintiff has listed Sherry Montgomery as a defendant in the caption of his complaint, but the statement of claim does not include any allegations against her. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Defendant Montgomery is dismissed from this action with prejudice.

In summary, Plaintiff's complaint does not survive review under § 1915A, and this action is **DISMISSED with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 09/29/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge